## BOARD OF COMMISSIONERS OF ALBANY COUNTY *v.* N. K. BOSWELL.

SHERIFFS' FEES.—Under the laws of Wyoming for 1869 the allowance to the sheriffs of the respective counties, of one dollar per day for the custody and subsistence of prisoners, is one of the perquisites of the office, as well as a remuneration for services rendered and articles furnished, and county commissioners have no power to deprive a sheriff of the same.

ERROR to the District Court for Albany County.

This was an action brought from Albany county, second judicial district, at August term of said court, A. D. 1873.

The record shows that N. K. Boswell commenced his action in the court below for the recovery of two thousand seven hundred and twenty-two dollars, alleged to be due him as sheriff and keeper of prisoners in the Albany county jail during parts of the years 1869, 1870 and 1871, amounting in the aggregate as above stated, with a credit on said account in the sum of one thousand and forty-one dollars and fifty-six cents, leaving a balance due said plaintiff in the sum of one thousand six hundred and eighty dollars and forty-four cents, with interest up to the date of the trial and judgment.

The plaintiff, Boswell, filed his petition in the district court, to which the board of county commissioners filed a general demurrer, which was overruled, to which ruling they reserved their exception. The defendants then filed their answer, denying the whole indebtedness, and setting up specially that they, the said board of commissioners, had entered into a contract with the military authorities at Fort Sanders for the keeping and subsisting of the prisoners.

The plaintiff moved the court to strike from defendants' answer said special matter, which motion was sustained, and defendants excepted. The case was tried and went to the jury under the charge of the court, in which charge the court directed the jury that, under the laws of Wyoming, the sheriff was the proper custodian of the prisoners committed to the jail of the several counties of the territory, for the keeping of which that officer was entitled to receive from the county funds the sum of one dollar per day for their keeping, and that the county commissioners had no right to do anything by which he was prevented from recovering that amount.

The defendants in the court below claimed that they had made a contract with the military authorities at Fort Sanders for the keeping and subsistence of the prisoners, and that, therefore, the plaintiff had no claim against them for said keeping and subsistence, and cited several authorities in support of their position, none of which, however, we think, are applicable to this case. Under the evidence, and the instructions of the court, the jury found for plaintiff below, and assessed his damages at two thousand four hundred and fifty-four dollars and twelve cents, and judgment was entered for plaintiff for that amount.

*C. W. Bramel*, for plaintiff in error.

This case was originally commenced in the court below by N. K. Boswell, to recover of the county a large sum of money alleged to be due him for keeping or boarding pris-

oners of the county while he was sheriff. The petition was demurred to on the ground that the plaintiff should present his bill first to the county commissioners, and appeal from their decision in case of disallowance. On that question the cause came up to this court at its last term. The action was sustained and the case went back for further proceedings, when the defense set up was that there was no jail; that the prisoners were kept at the military post of Fort Sanders, by an arrangement with the county commissioners; and that the county subsequently paid the military authorities at the post in full for keeping the prisoners. The right of the sheriff to make contract with other parties for keeping prisoners was also denied.

Upon the joining of issue, the court struck out all that portion of the answer setting up a contract or arrangement between the county commissioners and the military authorities. A trial resulted under the rulings of the court on the admissibility of testimony, and as to the law in the instructions to the jury, which judgment, it is submitted, is based on error in the following particulars:

I. The court erred in sustaining the motion of Boswell to strike from the answer the second defense set up. That portion of the answer, if maintained by plaintiff, constitutes a complete defense.

It is said there was no county jail. If so, it was not only the proper province of the commissioners to provide for the keeping of the prisoners, but their duty so to do. The entire management of the affairs, interests and business of the county is in their hands: Laws of 1868, p. 149, sec. 11; 48 Penn. St. Rep. 123; *Vankirk* v. *Clark*, 16 Sergeant & Rawle, 290; *Sclauble* v. *The Sheriff*, 10 Harris, 19. The commissioners must provide or designate a county jail: Laws of 1869, p. 293, sec. 1. It is the duty of the sheriff to keep such jail after it has been provided: Laws of 1869, chap. 17, sec. 4, p. 162. And in case the sheriff boards the prisoners, he is allowed as compensation one dollar per day: Laws of 1869, p. 375, sec. 2. But there is no law compel-

ling him to board prisoners or even making it his duty so to do. The motion stated as one ground that the new matter did not constitute a set-off or counter-claim. But it is not necessary that it should if it constitutes a defense: Laws of 1873, p. 39, sec. 90; Nash. Pl. and Pr. 185.

· II. The court erred in overruling the objections of defendant to the testimony of plaintiff below, as to the making a contract by him with the military authorities. The objection was good, the object being to bind the county by a contract, which, if made, was beyond his power to make. The law vests in the sheriff nowhere the power to provide or designate a jail. Again, the action was not by third parties to recover against the county, but by an officer to recover on a contract implied by law, between himself and the county, hence the irrelevancy of all the testimony of the sheriff concerning an alleged contract between himself and some one else. Again, if the sheriff had no authority to contract in the name of the county with the military authorities, he could have no claim against the county by virtue of his own illegal action. So, too, the objection to the testimony of the plaintiff below, to the hearsay and secondary testimony as to the contracts of the guard-house registers, should have been sustained as the evidence was clearly incompetent. Several erroneous rulings by the court as to the admissibility of the evidence by Wagner were cured by the waiver of them by the counsel in whose favor they were made. But the sustaining of the objections of the plaintiff below to the testimony of Abbot, the effect of which was to deprive the defendants below of the testimony concerning their contracts or arrangements with the military authorities, was error, for the same reasons given and under the authorities cited under the first head of this brief. The exclusion of the county records was error for the same reason.

III. The court also erred in refusing to give the instructions requested by defendants below. The instructions were evidently refused on the same view of the case by the court, that caused it to sustain the motion to strike out the second

defense in the answer, and is error for like reasons. The giving of the instructions contained in the record was error:

1. The second instruction given was erroneous, in that it did not go further. It should have been qualified by the words, "to the county jail." That no prisoner can be lawfully imprisoned, except as he is in the custody of the sheriff of the county, is absurd.

2. The third instruction is as completely in the face of the law as can well be imagined: See authorities before cited.

3. The fourth instruction was erroneous and calculated to mislead the jury, for the reason that it is not warranted by the evidence, or anything else that appears in the case. It is incorrect as an abstract proposition, even if it were applicable.

4. The fifth instruction, as a proposition of law, is incorrect; as constructed, is inapplicable under all the testimony; has a tendency to degrade the office of sheriff, and make him a vulture preying on the necessities of the county, whose interests he is elected to subserve, and to encourage the sheriff in a betrayal of the trust reposed in him. It is therefore erroneous, having a direct tendency to mislead the jury.

5. The sixth instruction given, so far as it instructs the jury to find for the plaintiff, is the legitimate product of the errors which had preceded it, with the addition that it took from the jury the right to weigh the evidence and judge of the facts themselves. Where there is evidence *pro* and *con* upon any issue, it is error for the court to take the case from the jury: 3 Graham & Waterman on New Trials, 738 to 763 inclusive, and cases there cited. And in so far as it stated the fact to be, that the allegations of the petition were not denied, and were therefore confessed; it was a very plain statement in the teeth of a very ample denial of indebtedness, in manner and form as alleged. Again; not only is there a general denial in the portion of the answer that remained, but a full statement of matter, constituting a complete denial and defense in that portion stricken out; and an instruction based on previous error could hardly be relied

on to cure the first, or be in itself correct, in consequence of its erroneous foundation.

IV. The motion for new trial should have been sustained on account of the errors heretofore mentioned, and the additional reason therein set forth, that the verdict is not supported by testimony. It is proven and conceded that during Boswell's administration there was no county jail. The evidence for the defense shows an arrangement with the military authorities, by a previous board of commissioners, which was continued in force by mutual consent. But it is important who made the contract. The testimony of Boswell is that he made a contract to have the prisoners kept at thirty-three and one third cents per day; that he did not board them, or furnish them provisions; that the bill for their keeping under that contract was paid by the county. Under that testimony he should either have been nonsuited, or the jury should have been instructed to find for the defendant. Again; Boswell could not swear to his account, and did not. His testimony furnishes no basis upon which the jury could possibly have assessed damages in his favor, or upon which the court could have instructed them so to do. The evidence did not support the verdict.

V. The overruling the demurrer was also error, as the petition certainly showed upon its face that there was no cause for action, for the reasons stated in the demurrer. But it was done under the direction of this court, and the opinion of this court on that point will probably be considered the law in this case, and render further argument here nugatory. It is assigned as error, however, to save the point, should the case be reviewed by a higher court.

*M. C. Brown,* for defendant in error:

The first objection made by plaintiff in error to the proceedings in this case is the ruling of the court in striking out, on motion of defendant in error (plaintiff in court below), a portion of the answer, on the ground that it was

redundant, irrelevant and scandalous. The answer filed was wholly bad, for the reason a general denial would have put in issue every fact to be tried in the case. The answer was a special denial, and therefore bad for redundancy: See Nash's Pl. and Pr., 64, 65; 6 Pr. R., 355; Van Santvoord's Pl., 251; *Dennison* v. *Dennison*, 9 Pr. R., 246.

There was no error by the court in striking out on motion the last part of the answer for redundancy, because this part of the answer is specific and takes issue on an immaterial matter: Nash, 65; Van Santvoord's Pl. 251.

There was no error by the court in striking out, for another reason. There could be no fact proven under this part of the answer, if allowed to stand, that could not be put in evidence under the special denial preceding it: Nash, 66 *et seq.*

New matter in avoidance cannot be pleaded under the code without admitting a cause of action in the plaintiff, and then pleading special matter showing no right to recover at the commencement of the action: Nash, 67 *et seq.; Kyving* v. *Bull*, 16 N. Y. 297.

There could be no error avoidable to the defendant, unless he suffered by reason of the ruling of the court. No evidence was excluded, and therefore there was no wrong: See 10 Ohio St. 557; 6 Id. 288; 9 Id. 1–6.

From the authorities aforesaid, we claim that there was not only no error by the court in striking out, but the plaintiff might, considering the whole answer, have properly asked for judgment for his entire claim without any evidence being offered. Was there sufficient on which the jury might base the verdict returned? Clearly there was. The court cannot set aside a verdict because the evidence is conflicting: See 17 Ohio, 128, 131; 12 Ohio St. 515; 6 Ohio, 456; 12 Id. 151. The court can only set aside verdict when it is clearly against the evidence: See *Webb* v. *Protection Ins. Co.*, 6 Ohio, 456; 12 Id. 151; *Nancy* v. *Sackett*, 1 Ohio St. 55; 3 Id. 399; 4 Id. 556.

It is urged as error in the court that instructions re-

quested by plaintiff in error were refused. This was not error in the court, because the instructions were not presented at the time required by law. Some of instructions not sound law, therefore no error: *Inghbright* v. *Hammond*, 19 Ohio, 337.

No request for instructions was made, as by law required: See Code, 72, subd. 5, sec. 226. The giving of requested instructions then became a matter of discretion, therefore a failure to give them cannot be error: *Legg* v. *Drake*, 1 Ohio St. 286; 11 Id. 114–118, 339–347, 691. To request instructions is to gain a technical advantage, and should be met with technical objections: *Forhsythe* v. *State*, 6 Ohio, 19–21.

The plaintiff in error alleges error by the court in giving certain instructions at the instance of defendant in error. The objection goes to all the instructions generally, and not to any certain instruction, and is therefore bad, even if the record shows error. The exception goes generally to all the instructions given, if one only of the instructions is correct in law the exception is not well taken, and the judgment below cannot be disturbed: See *Cleveland Co. C. R. Co.* v. *Terry*, 8 Ohio St. 570; 19 Ohio, 337; *Frances* v. *Millard*, 2 Ohio St. 44; 14 Id. 292; 2 Id. 598. When from the whole record it appears conclusively that a proper judgment was entered it cannot be reversed on error: *Harmon* v. *Kelly*, 14 Ohio, 502; 14 Id. 606; 8 Ohio St. 405; 10 Id. 557. But the instructions given are sound law, and there is no error by the court if the exception is well taken.

First instruction given, that it is sound law, needs no comment.

The second instruction is also sound: See Stat. 1869, p. 293 *et seq.*, secs. 3, 4, 6, 10, 11, 12; see also same Stat., pp. 162 and 3, secs. 4, 5 and 6. What is good law needs no comment. The duties of county commissioners: see Stat. 1869, p. 146 *et seq.* That they have no implied powers or authority has been before decided in this court. Instruc-

tion numbered 4 is sound beyond a possible question, and needs no comment. Instruction numbered 5 is sound law. It is simply a reiteration of the 'statute of 1869, page 375, sec. 2, of act fixing fees of officers. The instruction numbered 6 was the last given. It accords with the first instruction given, and is sound law. It is in strict accord with our statute of 1873, page 44, sec. 124. There being no error claimed or properly presented on the admission of evidence, and the other objections being before disposed of, we say there is no error in the record, and the judgment of the court below should be affirmed.

By the Court, FISHER, C. J.: We find no error in the instructions of the court. The laws of Wyoming allow the sheriffs of the respective counties one dollar per day for the custody and subsistence of each prisoner; and while it is the duty of the county commissioners to provide a proper jail or place of confinement for prisoners, they are not empowered to make any arrangement by which the emolument of the sheriff will be affected. The commissioners in this case claim that they paid to the military authorities at Fort Sanders thirty-three and one-third cents per day for keeping the prisoners during the times stated. We find that the plaintiff in this action below gave them full credit for that amount, so that they have no cause to complain, because when the judgment in this case shall have been paid, they will only have paid the amount which the law requires them to pay, except the amount of interest to which they have become liable in consequence of their delay.

The judgment is affirmed.